UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 4:25-cv-00423

———

**Ashlesha A. Nesarikar et al.**,
*Plaintiffs,*

v.

**The United States Patent and Trademark Office et al.**,
*Defendants.*

———

# ORDER

Plaintiffs Ashlesha A. Nesarikar, Anika A. Nesarikar, and Abhijit R. Nesarikar filed this action against defendants U.S. Patent and Trademark Office (USPTO) and Coke Morgan Steward, Acting Director of the USPTO, for allegedly violating the Due Process clause of the Fifth Amendment, the Paperwork Reduction Act, and 35 U.S.C. §§ 123(e), 132. Doc. 1. The case was referred to a magistrate judge.

Defendants filed a motion to dismiss plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 17. The magistrate judge issued a report and recommendation that all of plaintiffs' claims be dismissed without prejudice for lack of standing. Doc. 33. Plaintiffs objected to the report, primarily contending that they maintain proper standing to bring their claims. Doc. 34. Defendants responded. Doc. 35.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *See Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017).

## I. Plaintiff's first objection

Plaintiffs first object that the magistrate judge disregarded plaintiffs' sur-reply (Doc. 32), that was filed the same day the

report was published, and their reply for their motion for a preliminary injunction (Doc. 21). Doc. 34 at 2. For one, it was not error for the magistrate judge not to refer to a reply brief on plaintiffs' motion for a preliminary injunction—a motion that was not the basis of the report and recommendation. Further, plaintiffs' mere speculation that the magistrate judge did not consider Doc. 21 is not grounds for error. In addition, plaintiffs do not identify, and the court cannot ascertain on independent review, which specific portions of Docs. 21 or 32 would have materially altered the report's conclusions. Thus, plaintiffs' first objection is overruled.

## II. Plaintiff's second objection

Second, plaintiffs object to the report's conclusion that they lack standing to bring their claims. Doc. 34 at 2. Standing has three elements:

> (1) "the plaintiff must have suffered an injury in fact—the invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical";
>
> (2) "that injury must be fairly traceable to the defendant's challenged conduct"; and
>
> (3) "it must be likely, as opposed to merely speculative, that the plaintiff's injury will be redressed by a favorable judicial decision."

*Texas v. U.S. Dep't of Homeland Sec.*, 756 F. Supp. 3d 310, 337 (E.D. Tex. 2024) [*DHS*] (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Plaintiffs contend that because there is a presumption under federal law that inventors of a patent are the patent's "owners," it is defendants' burden to rebut that presumption with evidence of an assignment of all rights to the patent. Doc. 34 at 2. But it is the burden of the party invoking jurisdiction—here, plaintiffs—to establish standing once a defendant has filed a motion to dismiss under Rule 12(b)(1). *DHS*, 756 F. Supp. 3d at 337 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411–12 (2013)); *see also*

*Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Plaintiffs have admitted that they are, at a minimum, obligated to assign their rights in patent application no. 18/069,288 ("'288 application") to their former employers. Doc. 30 at 8–9. But as the report appreciates, an "assignment" of a patent to a previous employer can mean one of two things—automatic assignment or a promise to assign the patent in the future. *Omni MedSci, Inc. v. Apple Inc.*, 7 F.4th 1148, 1152 (Fed. Cir. 2021). Plaintiffs leave the court to only speculate whether the assignment to their previous employers automatically assigned the rights to the '288 application or whether they maintained an interest in the patents when they filed suit. And because "[w]hich type of assignment is intended 'depends on the contractual language,'" *id.*,—language plaintiffs do not provide, plead, or include anywhere in their various filings—their standing to proceed with their allegations involving the '288 application is too speculative considering defendants' motion.

To be sure, plaintiffs assert that their assignment of patent application no. 17/906,844 ("'844 application"), which "result[s] from the same employment," indicates that the '288 application is not an automatic assignment. Doc. 34 at 3. Although it is unclear as to whether plaintiffs reference the '288 or '844 application, plaintiffs claim that the assignment's language of "I hereby sell and assign unto Shalaka A. Nesarikar . . . ," does not create an automatic assignment. *Id.*

For one, if plaintiffs allege that this language is associated with the '844 application, such an assignment has no bearing on the effect of plaintiffs' assignment of the '288 patent. More importantly, the contractual language that plaintiffs cite in their objections shows an automatic assignment—not an obligation to assign. *See, e.g.*, *Filmtec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1570, 1572 (Fed. Cir. 1991) (finding that if an employee "agrees to grant and does hereby grant" patent rights, the employer's rights automatically vest when the invention was made*); see also*

*PerDiemCo, LLC. v. IndusTrack LLC*, No. 2:15-cv-00727, 2016 WL 6534524, at *5 (E.D. Tex. Oct. 18, 2016) (concluding that language stating, "I hereby assign . . ." creates an automatic assignment), *R. & R. adopted by*, 2016 WL 6518994 (E.D. Tex. Nov. 2, 2016). Thus, plaintiffs' inclusion of that assignment language—whether associated with the '288 or '844 application—casts further doubt on plaintiffs' standing to assert causes of action for rights associated with the '288 application.

Aside from a lack of ownership interest, Plaintiffs have also failed to show either a concrete financial or reputational interest in the '288 application. Plaintiffs do not object to the report's conclusion that they lack a financial interest in the patent application. Moreover, plaintiffs' general contention that defendants' discontinued review of the '288 patent "is harmful to [plaintiffs'] reputation as pro se applicants" (Doc. 34 at 7) is insufficient, as the court is unaware of any legal precedent that has found that harm to a person's reputation as a "pro se applicant" is enough to constitute a concrete, particularized, and actual or imminent injury. *But see Pierre v. Vasquez*, No. 20-51032, 2022 WL 68970, at *3 (5th Cir. Jan. 6, 2022) (unpublished) (finding that a plaintiff suffered sufficient reputational consequences of bearing "the sex offender label."). Further, because the court agrees that plaintiffs have not adequately pleaded that they have sufficient ownership rights of the '288 application, the court cannot readily conclude that plaintiffs' alleged harm is "particularized" to them. *See id.* (citing *Lujan*, 504 U.S. at 560, n.1 (explaining that "particularized . . . means that the injury must affect the plaintiff in a personal and individual way" (cleaned up))).

Plaintiffs have failed to carry their burden that they maintained any legal, financial, or reputational rights to the '288 application. Thus, there is no concrete, particularized injury for the court to redress, and it was not error for the report to conclude that plaintiffs have not carried their burden in proving standing to assert their claims.

### III. Plaintiff's third objection

Third, plaintiffs object to the report's conclusion that plaintiffs lack standing to assert a claim under the Paperwork Reduction Act ("PRA"). Doc. 34 at 5. As other courts have recognized, the PRA does not create a private right of action for alleged violations of the act, only a defense to an administrative or judicial enforcement action. *See* 44 U.S.C. § 3512(b); *Smith v. United States*, No. 08-10288, 2008 WL 5069783, at *1 (5th Cir. Dec. 2, 2008) (per curiam) (unpublished).

Here, because plaintiffs do not assert the protections of the PRA as a defense, and the court agrees that the PRA does not create a private right of action, it was not error for the report to recommend dismissing plaintiffs' claims under the PRA. *See*, *e.g.*, *Smith*, 2008 WL 5069783, at *1 (finding that the district court correctly found a lack of subject-matter jurisdiction because the PRA "provides a defense to administrative or judicial enforcement actions, but does not create a private right of action for alleged violations of the statute").

### IV. Plaintiff's fourth objection

Lastly, plaintiffs argues that the report failed to consider its claim under 5 U.S.C. § 552a. Doc. 34 at 7. This claim, however, cannot be found anywhere on the face of plaintiffs' complaint. *See generally* Doc. 1. Thus, because plaintiffs failed to plead a claim under § 552a in their complaint, it was not error for the magistrate judge to not consider it.

### V. Conclusion

Having reviewed the magistrate judge's report de novo, the court overrules plaintiffs' objections and accepts the report's findings and recommendations. The court grants defendants' motion to dismiss (Doc. 17), denies plaintiffs' motion for a preliminary injunction (Doc. 2) as moot, and dismisses this action without prejudice. Any pending motions are denied as moot.

*So ordered by the court on October 1, 2025.*

───────────────────────────
J. CAMPBELL BARKER
United States District Judge